MACK HUBBARD V. THE STATE.

*No. 599. Decided November 4.*

**1. Disturbance of Religious Worship—Sunday School—Allegation and Proof.**—Upon an information charging a disturbance of religious worship, a conviction can not be had upon proof showing that a Sunday School was disturbed. Article 180, Penal Code, makes a clear distinction between a disturbance of religious worship and a disturbance of a Sunday School, and also as to assemblies for the transaction of business relating thereto. You can not, under the statute, charge one and prove the other.

**2. Charge of Court.** — Upon a trial under an information charging a disturbance of religious worship, *held*, error for the court to instruct the jury, that " a congregation assembled for the purpose of conducting or participating in a Sunday School, and preparatory to the usual religious exercises and worship of the church, to follow thereafter by such religious worship, and constituting a part of such worship, is a congregation assembled for religious worship."

APPEAL from the County Court of Walker. Tried below before Hon. W. A. LEIGH, County Judge.

The information charged appellant with unlawfully and willfully disturbing a congregation assembled for religious worship, by loud and vociferous talking. At the trial he was convicted, and his punishment assessed at a fine of $25.

The information was brought under article 180 of the Penal Code, which reads: "Any person who by loud and vociferous talking or swearing, or by any other noise, or in any other manner, willfully disturbs any congregation, or part of a congregation, assembled for religious worship, and conducting themselves in a lawful manner, or who willfully disturbs in any manner any congregation assembled for the purpose of conducting or participating in a Sunday school, or to transact any business relating to or in the interest of religious worship or a Sunday school, and conducting themselves in a lawful manner, shall be fined," etc.

The circumstances which occasioned the prosecution are fully disclosed in the following testimony, viz.:

Jackson Burnett, for the State: My name is Jackson Burnett. I was superintendent of the Sunday school. We had just commenced Sunday school, and had sung a song, and when the time came to offer prayers, Brother Hubbard prayed without being asked. We paid good attention. Brother Hubbard got up in the stand and started to talk, when Brother Collins told him that he could not preach there that day, as he had two spirits. Mack called him a liar. Brother Lee Birdwell pulled him by the coat and told him to sit down, and he did so. Lee Birdwell was the regular pastor. It was at St. Paul's Chapel, in Walker County, Texas, on the 20th day of November, 1892.

Crossed by defense: I was not present on the Saturday before, when Brother Birdwell asked Hubbard to come around next day, he wanted to

hear him preach. Knew nothing about Birdwell getting Hubbard's watch, so he would be sure to be there.

Lee Birdwell, for the State, testified: My name is Lee Birdwell. I was pastor of the church at the time Mack Hubbard is charged to have disturbed it. We had just commenced Sunday school. I was in the stand when Brother Hubbard came out. After one song had been sung, Hubbard prayed. He called for the eighth chapter of Mathew. I asked him to sit down, and he did so. I then went out. Was not in the church when the disturbance is said to have taken place. Had gone out. Collins and Hubbard came out of the church. The congregation, mostly, came out after them. They were fussing outside. I got them to stop, and we all went in. The Sunday school was broken up by the fuss.

Crossed by defendant: It was my regular day to preach. On the Saturday before I had asked Brother Hubbard to come out. He said no, he had an appointment at Gallilee. I insisted on his coming, and got him to leave his watch with me, to be sure he would come. I told him he could preach in the evening. I wanted to hear him, as some of the brethren accused him of preaching false doctrine. I did not preach that day after the Sunday school was broken up by the fuss. I did not feel in condition to preach; and a strange preacher came, named Sam McDonald, who is dead now, and I gave way to him, and asked him to fill my appointment.

Defendant, by counsel, excepted specially to the third paragraph of the court's charge to the jury (which see set forth in second subdivision of syllabus, supra), and asked a special requested instruction, as follows: "If from the evidence you believe that the congregation that were assembled, if you find one was assembled, was assembled, and at the time engaged in conducting a Sunday school, you can not convict the defendant under the charge contained in the information, as said charging part of the information is not in the alternative, and only charges the offense of disturbing a congregation assembled for religious worship, and you will find the defendant not guilty." This was refused.

*Campbell & Ball,* for appellant.—1. Paragraph 3 of the court's charge, defining a congregation assembled for religious worship, is clearly objectionable, for two reasons: first, because said paragraph in substance makes the offense of disturbing a congregation assembled for the purpose of conducting and participating in a Sunday school identical with the offense of disturbing a congregation assembled for religious worship, whereas the statute makes same a distinct and separate offense; second, because said paragraph 3 is clearly a charge upon the weight of evidence, in that said paragraph assumes as a proven fact that the Sunday school which was assembled was prior to, preparatory to, and formed a part of the usual religious worship. Penal Code, art., 180; Wood v. The State, 11 Texas

Cr. App., 318; compare Willson's Crim. Forms, secs. 111, 112; also, see art. 1317, Sayles' Civ. Stats., and authorities thereunder; Golderson v. Paterson, 56 Texas, 628, as to charge of court.

2. The court erred in refusing to give the jury the special charge asked by defendant, in that said special charge was a correct proposition of law applicable to the evidence, and nowhere contained in the court's general charge.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the offense of disturbing religious worship, and fined in the sum of $25, from which he appeals.

There is only one question that need be considered. The appellant was charged, by information, with unlawfully disturbing a congregation assembled for religious worship, by loud and vociferous talking. The evidence introduced in the case conclusively shows that it was a Sunday school that was disturbed, and the question is, can the conviction be sustained ? Article 180, Penal Code, clearly distinguishes between a congregation assembled for religious worship from one assembled for the purpose of conducting a Sunday school, or from one assembled to transact *business* pertaining to religious worship or the Sunday school. You can not under this statute charge one and prove the other. In Wood v. The State, 11 Texas Criminal Appeals, 318, it was held, that a prosecution for disturbing a congregation assembled for religious worship will not be sustained by proof that the congregation was assembled for business purposes, though there were religious exercises. The charge of the court was error. The question of taxation of costs need not be now considered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.